# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### NORTHERN DIVISION

| | |
|---|---|
| JAMES MATTHEW TRAVER, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:15CV91 DDN |
| DR. JOHN DOE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $2.50, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

For the purpose of this Order, the Court accepts the following facts as true. Plaintiff was booked into the Randolph County Jail on March 7, 2013. He told the booking officer that he was allergic to Sulpha drugs. On the following day, his ear began to bleed, and he saw defendants Jane Does 1 and 2, both of whom are nurses, for the condition. One of the nurses telephoned the defendant Dr. John Doe, who prescribed an Sulpha-based antibiotic. Defendant Earl Endsley, a correctional officer, delivered a pill to plaintiff at the direction of one of the nurses. Plaintiff asked Endsley what it was, and Endsley replied, "I don't know." He took the pill, and as a result, he had a severe allergic reaction.

**Discussion**

"To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999). For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct. *Olson v. Bloomberg*, 339 F.3d 730, 736 (8th Cir. 2003).

The alleged facts do not show that defendants were deliberately indifferent to plaintiff's serious medical needs. Plaintiff alleges that he told the booking officer about his allergy, but he

does not allege that the nurse had that information. And the alleged facts show that defendant Endsley did not know what the drug was. So the complaint does not adequately allege the subjective component of an Eighth Amendment violation. As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $2.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 8th day of January, 2016.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE